## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| JESSICA DEL-VALLE-TIRADO | * | |
| Plaintiff | * | CIVIL NO. 23-1165 (    ) |
| | * | |
| v. | * | ABOUT: |
| | * | EMTALA, ADA |
| GRUPO HIMA-SAN PABLO, INC., | * | TORTS |
| Hospital HIMA San Pablo - Fajardo, | * | MEDICAL MALPRACTICE |
| Dr. Tiana Aponte-Aponte, | * | |
| Dr. Eduardo Nieves-Olabarreta, | * | |
| SIMED, John Doe and  Richard Roe | * | |
| and their respective insurance companies | * | JURY TRIAL REQUESTED |
| Defendants | * | |

*******************************************

## COMPLAINT

**TO THE HONORABLE COURT:**

Comes plaintiff, through the undersigned attorney, and very respectfully states, alleges and prays:

### I.    JURISDICTION

1.    This Honorable Court has jurisdiction under 28 U.S.C. sec 1331 and 1391.

2.    The events occurred in the Judicial District of Puerto Rico and the award requested exceeds $75,000, exclusive of costs and interests.

3.    This is an action for redress of plaintiff injuries due to the violation by defendant of rights secured under the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. 1395 et seq.

3a.    Also it is an action for redress of plaintiff injuries due to the violation by defendant of rights secured under the the Americans with Disabilities Act (ADA). Health care organizations run by private businesses or nonprofit organizations are covered under Title III of the ADA. All

COMPLAINT
CIVIL NO. 23-1165 (   )
Page 2

places covered by the ADA must provide access to their facilities and programs for people with

disabilities. A person with a disability can be a person with a mobility or physical disability, sensory

(vision or hearing), intellectual, psychiatric, or other mental disability. People with medical

conditions such as HIV/AIDS, epilepsy, rheumatoid arthritis, and cancer may also covered under the

ADA.

     4.     It is also an action of torts/medical malpractice under the laws of the Commonwealth

of Puerto Rico against all defendants under Article 1802, 1803, et al of the Civil Code of Puerto

Rico, as amended *Codigo Civil de 2020*[1].

     5.     Trial by jury is hereby requested.

## II.    PARTIES

     6.     Plaintiff Jessica Del-Valle-Tirado, is single, of legal age, disabled, beneficiary of

Medicare, citizen of the United States and resident of Fajardo, PR. Plaintiff's physical and postal

address is address is 200 Marina Ave. # 806, Fajardo, PR 00738, tel (939) 400-4455.

     7.     Co-defendant Hospital HIMA San Pablo - Fajardo, is a private corporation, medical

institution dedicated to the medical care of patients. It is a general hospital that operates an

emergency care ward. It's a subsidiary of co-defendant Grupo HIMA-San Pablo, Inc. It's physical

address is 3 Avenida Font Martelo, Humacao; postal address is P.O. Box 639 Humacao, PR 00792,

tel. 787-656-2424.

     8.     Co-defendant Dr. Tiana Aponte-Aponte is of legal age, resident of Puerto Rico,

American citizen and a licensed physician (medicine doctor). She works under contract or is an

---

[1] The new *Código Civil de Puerto Rico* became effective on November 28, 2020.

COMPLAINT
CIVIL NO. 23-1165 (   )
Page 3

employee of co-defendant Hospital HIMA San Pablo - Fajardo.

9.    Co-defendant Dr. Eduardo Nieves-Olabarreta is of legal age, resident of Puerto Rico, American citizen and a licensed physician (medicine doctor). She works under contract or is an employee of co-defendant Hospital HIMA San Pablo - Fajardo.

10.    Co-defendant Grupo HIMA-San Pablo, Inc. is a private corporation for profit. It's dedicated to administer and owns several medical institutions and hospitals dedicated to provide medical care of patients. Grupo HIMA-San Pablo, Inc., physical address is AVE. LUIS MUÑOZ MARIN, #100, CAGUAS, PR, 00725; it's resident agent is FERNANDO E. AGRAIT BETANCOURT, tel. (787)653-3434, postal address is PO BOX 4980, CAGUAS, PR, 00726.

11.    We include as co-defendant SIMED. It issued an insurance policy to co-defendants current at the time of the acts alleged in this complaint, that covers the acts and damages alleged in this complaint.

12.    John Doe and  Richard Roe are those managers, supervisors, physicians, medicine doctors, nurses, technicians  and/or employees or independent contractors that worked for (or in its behalf) of co-defendants Grupo HIMA-San Pablo, Inc., Dr. Tiana Aponte-Aponte, Dr. Eduardo Nieves-Olabarreta, Hospital HIMA San Pablo - Fajardo and/or Hospital HIMA San Pablo - Fajardo Emergency Care Ward, who where involved with the treatment or care, directly or indirectly of the patient plaintiff's treatment, while she was under the medical care of co co-defendants Grupo HIMA-San Pablo, Inc., Dr. Tiana Aponte-Aponte, Dr. Eduardo Nieves-Olabarreta, Hospital HIMA San Pablo - Fajardo and/or Hospital HIMA San Pablo - Fajardo Emergency Care Ward, who's names are unknown to this day, and who are responsible or contributed in any way to the events that give rise

COMPLAINT
CIVIL NO. 23-1165 (    )
Page 4

to this complaint. We also designate as unknown co-defendants the insurance companies and policies

that covered all of the co-defendants in this complaint.

## III.    FACTS

13.    Plaintiff Jessica Del-Valle-Tirado was single, disabled and forty five (45) years old

at the time of the facts alleged in this complaint. She had a previous history of hypertension (HBP)

and Hodgkin lymphoma in remission.

14.    On May 26, 2021, plaintiff Jessica Del-Valle-Tirado visited a medical laboratory for

previously ordered lab tests, routine. She was at Clinical Laboratory Quest Diagnostics and started

to feel sick with symptoms of acute chest pain that irradiates to her left arm. Her blood pressure was

examined was high at the time. The laboratory personnel called and ambulance service and plaintiff

Jessica Del-Valle-Tirado was transferred to the emergency care ward of co-defendant Hospital

HIMA San Pablo - Fajardo.

15.    The  managers, supervisors, physicians, medicine doctors, nurses, technicians  and

employees or contractors of the emergency care ward of co-defendant Hospital HIMA San Pablo -

Fajardo discriminated against plaintiff Jessica Del-Valle-Tirado due to her disabling conditions.

They did not provided any medical treatment, evaluation or assistance of any kind. She was placed

in an isolated room unattended without any assistance, surveillance or monitoring even thought she

was feeling very ill.  The emergency medical responders (EMT) transferred the patient (plaintiff) and

placed her under the medical care of defendants; they explained co-defendant Dr. Tiana  Tiana

Aponte-Aponte and the Hospital HIMA San Pablo - Fajardo personnel.

16.    On May 26, 2021, plaintiff Jessica del-Valle-Tirado, went to the Quest Diagnostic

COMPLAINT
CIVIL NO. 23-1165 (   )
Page 5

Clinical Laboratory, to perform some routine laboratories. While in the Quest Diagnostic laboratory

in Fajardo, plaintiff began to feel severe pain in her chest that spread to her left arm, which she felt

had "fell off." Staff from the Quest Diagnostic Clinical Laboratory took her blood pressure, which

was extremely high. For this reason, they proceeded to call an ambulance, since the picture presented

by plaintiff Jessica del-Valle-Tirado was extremely critical and delicate.

17.    While in the ambulance, belonging to Medina Medical Transport, plaintiff Jessica

del-Valle-Tirado was administered aspirin and nitroglycerin. Plaintiff was taken to the Emergency

Room of the defendant Hospital HIMA San Pablo - Fajardo at approximately 11:45 am, where she

was received by defendant Dr. Tiana Aponte Aponte.

18.    Plaintiff main complaint were severe pain, burning pain in her chest, extensive to her

left arm, which was reported by personnel from Medina Medical Transport. Plaintiff was placed in

an isolated room. Subsequently, two (2) additional patients were placed in said room. However, at

no time was Plaintiff administered any medication, nor were she asked questions about her

symptoms, nor the reasons why she was taken to the Emergency Room, beyond asking what

medications, if any, she was taking. She informed (with great difficulty) the nurse that was allergic.

At all time Plaintiff felt a strong pain and burning in her chest and she felt it worsen, and she

manifested it as such, showing despair, making movements with her hands, due to a strong burning

that she had in her chest, just as movements with her legs, since the pain was unbearable and she felt

that she was going to die.

19.    Defendant Dr. Tiana Aponte-Aponte examined the two (2) additional patients that

were placed in the room with the Plaintiff, but she was never examined, interviewed nor treated by

COMPLAINT
CIVIL NO. 23-1165 (    )
Page 6

any physician. She rebuked defendant Dr. Tiana Aponte-Aponte, since approximately forty (40)

minutes had elapsed after arriving at the Emergency Room without being attended to or offered any

treatment. defendant Dr. Tiana Aponte-Aponte told plaintiff Jessica del-Valle-Tirado that she should

calm down, because what she was having was an anxiety attack, to which plaintiff responded with

great difficulty, saying that she wanted to speak with a supervisor. Given his refusal and negligence

in not providing her with any medical treatment.

20.     Subsequently, a supervisor from said hospital institution arrived, who told plaintiff

Jessica del-Valle-Tirado that she apparently had muscle pain and that, once the pertinent tests were

carried out, they would begin to give her the treatment he required. However, given these

manifestations and the reality that her pain continued to worsen, and this was reflected in her state

of mind, she was not offered medication, treatment or medical alternative to control her pain, which

continued to cause a strong burning sensation in her chest. and she, screaming and crying, continued

expressing that they please give her treatment because she felt she was going to die. All of this,

without knowing or being informed of the clinical reason for her symptoms, since no medical

treatment had been provided.

21.     Several hours later, still without receiving any treatment, explanation or alternative,

despite continuing to request help because the pain and symptoms continued to worsen, plaintiff

Jessica del-Valle-Tirado contacted her primary care physician, Dr. José M. Méndez Jiminian, telling

him that her strong pain was uncontrollable and continued to increase, so she would go to seek

medical treatment at the Caribbean Medical Center of Fajardo.

22.     After four (4) hours of plaintiff Jessica del-Valle-Tirado arrival by ambulance to

COMPLAINT
CIVIL NO. 23-1165 (   )
Page 7

defendant HIMA San Pablo de Fajardo, she was not given her any type of evaluation, interview

medication, treatment, or explanation of what was happening. Her symptoms continued to escalate

and worsen.

23.    Desperate and facing the situation, plaintiff Jessica del-Valle-Tirado, around 4:00

pm, chose to leave the Emergency Room of the HIMA San Pablo Hospital in Fajardo, in search of

a place where she could finally receive treatment. All this, without having any type of clinical

knowledge of the origin of his pain, in addition, never having had any type of prior heart condition

nor hypertension problems.

24.    Having chosen to leave the Emergency Room of the HIMA San Pablo de Fajardo

Hospital, due to not receiving adequate treatment and while being in the parking lot, several security

guards from the Host Security company of defendant HIMA San Pablo - Fajardo, approached

plaintiff Jessica del-Valle-Tirado to assist her, since, as a result of the intense pain and itching in her

chest, she collapsed several times.

25.    However, once plaintiff Jessica del-Valle-Tirado arrived at the entrance of the

hospital, the security guards, who in turn are employees, officials, agents of the HIMA San Pablo

de Fajardo Hospital, left her alone, turning around and leaving her devoid of any help, even with her

critical clinical picture.

26.    Immediately afterwards, plaintiff Jessica del-Valle-Tirado, with great difficulty,

began to slide and holding on to a cyclone fence began to walk towards the Caribbean Medical

Center of Fajardo in search of appropriate treatment.

27.    On that journey, he fell several times, collapsing in front of the offices of the Fajardo

COMPLAINT
CIVIL NO. 23-1165 (    )
Page 8

Emergency Medical Corps at approximately 4:35 pm. There, staff came out to help her and they told

her that her state of health and blood pressure were extremely abnormal, which was indicative that

she was suffering from some kind of heart failure.

28.    All this, after having spent approximately four (4) hours in the Emergency Room of

defendant HIMA San Pablo de Fajardo Hospital, under the care of defendant Dr. Aponte-Aponte,

as well as the employees, agents, nurses, medical doctors and officials, without receive any

treatment, even though she arrived in an ambulance with symptoms that clearly reflected heart

failure.

29.    Once attended by personnel from the Fajardo Emergency Medical Corps, plaintiff

Jessica del-Valle-Tirado called her family doctor, Dr. José M. Méndez Jiminian, who told her to go

back to defendant HIMA San Pablo de Fajardo Hospital.

30.    Plaintiff Jessica del-Valle-Tirado was back (again) in the Emergency Room of

defendant HIMA San Pablo - Fajardo Hospital and due to the intervention of her primary doctor, she

was finally admitted with her clinical cardiac symptoms and placed under the care of defendant Dr.

Eduardo Nieves-Olavarreta (internal medicine), as well as employees, agents, nurses, residents,

students, medical doctors and officials of the defendant HIMA San Pablo - Fajardo. Defendant Dr.

Eduardo Nieves-Olavarreta failed to place a consultation with the cardiovascular specialist (timely)

and failed to follow up on the result of the consultation, evaluation and treatment of plaintiff Jessica

del-Valle-Tirado. Six (6) hours passed without any laboratory or EKG were performed to Plaintiff

Jessica del-Valle-Tirado.

31.    Plaintiff Jessica del-Valle-Tirado body condition reflected the initial symptoms of

COMPLAINT
CIVIL NO. 23-1165 (   )
Page 9

what she finally suffered, a heart attack (medically known as a myocardial infarction). It could be

avoided if the proper and adequate initial interview, evaluation, examination, treatment and transfer

were done, instead she was discriminated due to her condition, she was a disabled patient.

32.    After having been hospitalized for approximately one (1) week in said hospital

(defendant HIMA San Pablo - Fajardo), with no idea what was happening, defendant Dr. Nieves-

Olavarreta told plaintiff her that she should be transferred to the HIMA San Pablo Hospital -

Bayamón, since she required a catheterization and defendant HIMA San Pablo - Fajardo did not have

the necessary equipment to carry out the procedure. She was not transferred timely to the other

medical institution for the required medical procedure, an angioplasty.

33.    Plaintiff Jessica del-Valle-Tirado was transferred to HIMA San Pablo - Bayamon

on June 1, 2021. While at HIMA San Pablo - Bayamon, plaintiff had medical treatments and surgical

procedures including angioplasty; catheterization and coronary artery stent. Later she had other

(several) medical treatments and surgical procedures until she finally was discharged with

ambulatory permanent medical treatment (cardiovascular non-invasive).

34.    Plaintiff Jessica del-Valle-Tirado body condition reflected the initial symptoms of

what she finally suffered, a heart attack (medically known as a myocardial infarction). It could be

avoided if the proper and adequate initial interview, evaluation, examination, treatment and transfer

were done, instead she was discriminated due to her condition, she was a disabled patient. The

medical protocols were violated, the EMTALA law and protocols were violated. The best practice

of medicine was not followed. Defendants discriminated against plaintiff Jessica del-Valle-Tirado.

35.    The plaintiff's medical records (copies) were not produced when she requested.

COMPLAINT
CIVIL NO. 23-1165 (   )
Page 10

Plaintiff had to request them via a State Court's Order and upon the production; some are incomplete, improper identified, unidentified, some not authenticated and some uncertified.

36.     Plaintiffs was discriminated by Grupo HIMA-San Pablo, Inc., Dr. Tiana Aponte-Aponte, Dr. Eduardo Nieves-Olabarreta, Hospital HIMA San Pablo - Fajardo and/or Hospital HIMA San Pablo - Fajardo Emergency Care Ward for being disabled and due to be suffering and under severe anxiety. She was not evaluated, stabilized nor transferred to the appropriate medical facility. The treatment received was improper, the lack of timely treatment, the lack of proper treatment, medical care, medications, test, laboratories, etc. reflects the discrimination against the members of the protected and minority group (disabled), in particular the plaintiff in this complaint. It is a violation of EMTALA Law.

37.     The patient was not stabilized and transferred to a qualify medical facility as required by EMTALA and the resources to do so were not employed in violation of the law.

38.     The co-defendants are included as defendants in sight that medical treatment was not the adequate one. The treatment did not proceed the standards of the correct practice of medicine and was realized wrongfully and incorrectly, the proper equipment was not used in this situation. This is contrary to the Federal Law, Emergency Medical Treatment and Active Labor Act (EMTALA). It is also against the laws of the Commonwealth of Puerto Rico.

39.     Defendants Grupo HIMA-San Pablo, Inc., Dr. Tiana Aponte-Aponte, Dr. Eduardo Nieves-Olabarreta, Hospital HIMA San Pablo - Fajardo and/or Hospital HIMA San Pablo - Fajardo Emergency Care Ward, the physicians, nurses, technicians, and specialized personnel, their employees, supervisors and administration where extremely negligent. The wrong and negligent acts

of the physicians, nurses, technicians and specialized personnel, their employees, supervisors and administration of the co-defendants, where the direct cause or contributed to the acts alleged in this complaint and caused all the damages to plaintiffs.

40.     Defendants Grupo HIMA-San Pablo, Inc., Dr. Tiana Aponte-Aponte, Dr. Eduardo Nieves-Olabarreta, Hospital HIMA San Pablo - Fajardo and/or Hospital HIMA San Pablo - Fajardo Emergency Care Ward, the physicians, nurses, technicians, and specialized personnel, their employees, supervisors and administration where extremely negligent. The wrong and negligent acts of the physicians, nurses, technicians and specialized personnel, their employees, supervisors and administration of the co-defendants, where the direct cause or contributed to the acts alleged in this complaint and caused all the damages to plaintiffs.

41.     An out of court claim (extrajudicial) was submitted to defendants via a formal letter on April 11, 2022. An initial expert witness report was received on May 29, 2022.

IV.    **DAMAGES**

Defendants are jointly responsible for all the damages suffered by the plaintiffs.

42.     Plaintiff Jessica Del-Valle-Tirado, suffered and continues suffering to this day severe mental anguish and emotional distress, for the heart attack / arrest, the multiple surgeries, wrong medical treatments, constant medical problems, pain and damages. Damages estimated in the amount of $1,000,000.00.

43.     Plaintiff Jessica Del-Valle-Tirado, suffered and continues suffering to this day severe mental anguish and emotional distress for the discrimination against her and the way that he was treated for being disabled. Damages estimated in the amount of $1,000,000.00.

COMPLAINT
CIVIL NO. 23-1165 (   )
Page 12

44.    Plaintiff Jessica Del-Valle-Tirado, suffered and continues suffering for the damages and suffering the times that she was close to death. Damages estimated in  the amount of $1,000,000.00.

45.    Plaintiff Jessica Del-Valle-Tirado is in higher risk of suffering cardiac and vascular damages due to the initial incident than an individual without the initial incident. The inicial incident could be avoided with the proper and timely medical treatment. Damages estimated in  the amount of $1,000,000.00.

**WHEREFORE**, plaintiffs respectfully pray from this Honorable Court to render Judgement in favor of plaintiffs and to award them a sum no less that four millions dollars ($4,000,000.00) for the damages suffered by them because of defendants combined negligence, plus an additional amount for  attorney fees and court costs, all to be paid severally by defendants.

**RESPECTFULLY SUBMITTED**.

In Ponce, Puerto Rico this 6th day of April of 2023.

**I HEREBY CERTIFY,** that on this same date a true and exact copy of this document has been filed electronically using CM/ECF System in US District Court and the CM/ECF System will electronically notify it to:

**RODRIGUEZ LOPEZ LAW OFFICE, P. S. C.**
Juan R. Rodríguez
PO Box 7693
Ponce, Puerto Rico 00732-7693
Tel. (787) 843-2828 \ 843-2900 Fax 284-1267
Email: **juan_r_rodriguez00732@hotmail.com**
        **juan.r.rodriguez00732@gmail.com**

By:____*S/Juan R. Rodríguez*_____
        **JUAN R. RODRIGUEZ**
        **USDC-PR 214410**